Phillip Raymond
McCalla Raymer Leibert Pierce, LLC
99 Wood Avenue, Suite 803
Iselin, NJ 08830
Telephone: (732) 902-5399
NJ_ECF_Notices@mccalla.com
Attorneys for Secured Creditor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| In re: | Chapter 13 |
|---|---|
| Ludin Pierre and Marie T Pierre, | Case No. 18-20210-MBK |
| | Hearing Date: August 14, 2018 at 10:00 am |
| Debtors. | Judge: Michael B. Kaplan |

**OBJECTION TO PLAN CONFIRMATION**

Nationstar Mortgage LLC d/b/a Mr. Cooper (the "Secured Creditor"), by its counsel, McCalla Raymer Leibert Pierce, LLC, states the following grounds as and for an Objection to Confirmation of the Debtors' Chapter 13 plan (the "Plan"):

1.  Secured Creditor holds the perfected first mortgage on Debtors' real property; the property known as 1 Angel Place, Somerset, NJ 08873 (the "Property"). On December 19, 2005, Ludin Pierre and Marie T Pierre (the "Debtors") borrowed $400,000.00 in exchange for a mortgage on the Property (the "Mortgage"). The Mortgage was recorded prepetition on January 13, 2006 in the Somerset County Clerk's Office. The Mortgage was subsequently modified by a loan modification agreement executed by Ludin Pierre and Marie T Pierre on August 13, 2010, decreasing the interest rate to 2.00% for the first five years, 3.00% for the sixth year, 4.00% for the seventh year, and 4.625% annually for the remainder of the term. The Mortgage was again modified by a loan modification agreement executed by Ludin Pierre and Marie T Pierre on

October 30, 2014, fixing the interest rate at 4.625% and extending the maturity date to August 1, 2054. A proof of claim has been filed with arrears of $3,944.95 on a total claim of $310,143.49.

2. Debtors' proposed Chapter 13 Plan is silent as to the treatment of the Secured Creditor. Absent a modification addressing the treatment of Secured Creditor, the proposed Plan cannot be confirmed.

3. The proposed Plan fails to acknowledge or accommodate any arrears due. By failing to address the arrears owed to Secured Creditor, Debtors' proposed Plan fails to provide for a successful plan of reorganization. As such, Secured Creditor objects to any proposed plan by Debtors that fails to provide a feasible independent plan of reorganization.

4. Debtors' Chapter 13 Plan proposes to cure arrears due to Secured Creditor through a modification agreement that would be offered by Secured Creditor. Modification is the business decision of Secured Creditor and does not present a feasible, independent plan of reorganization. As such, Debtors' Plan improperly shifts the burden of going forth with a feasible Chapter 13 plan to the creditor. Therefore this Plan cannot be confirmed.

5. Debtors' Plan proposes to cure arrears due to Secured Creditor through a sale of the Property. As such, Debtors' proposed Plan is wholly dependent on the sale of real property, which is speculative and circumstantial. Therefore, Secured Creditor objects to the proposed Plan as it does not provide Secured Creditor with adequate assurances that the Plan can be completed as proposed.

6. Secured Creditor objects to any proposed plan by Debtors that fails to provide a feasible independent plan of reorganization.

WHEREFORE, Secured Creditor respectfully requests that the Court deny confirmation of the Debtors' Chapter 13 Plan for the reasons set forth above and for other relief as the Court may deem just and proper.

Dated: August 2, 2018

                                McCalla Raymer Leibert Pierce, LLC
                                Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper

                                */s/Phillip  Raymond*
By:   Phillip  Raymond